FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TINA ANN S.,[1]<br><br>                    Plaintiff,<br><br>      v.<br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | No: 2:21-cv-00213-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 11, 12. This matter was submitted for consideration without oral

---

[1] The court identifies a plaintiff in a social security case only by the first name and last initial in order to protect privacy. *See* LCivR 5.2(c).

ORDER - 1

1  argument.  Plaintiff is represented by attorney Jamie N. Cordell.  Defendant is

2  represented by Special Assistant United States Attorney Michael J. Mullen.  The

3  Court, having reviewed the administrative record and the parties' briefing, is fully

4  informed.  For the reasons discussed below, Plaintiff's Motion, ECF No. 11, is

5  granted and Defendant's Motion, ECF No. 12, is denied.

6  **JURISDICTION**

7  Plaintiff Tina Ann S. (Plaintiff), filed for disability insurance benefits (DIB)

8  on January 5, 2017, alleging an onset date of October 22, 2013.  Tr. 255-56.

9  Benefits were denied initially, Tr. 140-42, and upon reconsideration, Tr. 144-46.

10  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on

11  November 6, 2018.  Tr. 47-74.  On January 30, 2019, the ALJ issued an unfavorable

12  decision, Tr. 118-34.  On May 28, 2020, the Appeals Council issued an order

13  remanding the case to the ALJ for additional findings.  Tr. 135-39.  After a second

14  hearing November 10, 2020, the ALJ issued another unfavorable decision on

15  November 30, 2020.  Tr. 29-46.  The Appeals Council denied review, Tr. 1-6, and

16  the matter is now before this Court pursuant to 42 U.S.C. § 405(g).

17  **BACKGROUND**

18  The facts of the case are set forth in the administrative hearings and

19  transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and

20  are therefore only summarized here.

21

ORDER - 2

      Plaintiff was 41 years old at the time of the first hearing. Tr. 52. She graduated from high school and attended some college classes but did not get a degree. Tr. 52. She went to cosmetology school and owned a hair salon. Tr. 54. She worked full-time as a hairstylist. Tr. 54. Plaintiff testified that she stopped working as a hairstylist in 2013 because she could no longer stand to do the job. Tr. 54. The biggest problem with working as a hairstylist is ulcers on her feet and foot pain. Tr. 58. When she sits, she loses feeling in her legs and she gets swelling due to lack of circulation and neuropathy. Tr. 58. She cannot feel from the hip down, so she has problems in her buttocks or legs when she does not shift to relieve pressure. Tr. 58. If she wears shoes too long, her feet sweat and she gets secondary skin problems. Tr. 58.

      Plaintiff testified that as she has gotten older, her foot problems have become worse. Tr. 59. She has poor bone structure in her feet, hammertoes, fractures, and a partial amputation. Tr. 59. She frequently uses crutches to keep the weight off her feet. Tr. 60. She gets frequent ulcers on her feet which can become infected. Tr. 60. She elevates her feet every day for a period of time. Tr. 64. She testified that she is "pretty much homebound." Tr. 89.

## STANDARD OF REVIEW

      A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by

ORDER - 3

substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER - 4

# FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to

ORDER - 5

step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

ORDER - 6

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of October 22, 2013, through her date last insured of September 30, 2016. Tr. 34. At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: diabetes mellitus, obesity, peripheral neuropathy due to history of lipomeningocele,

ORDER - 7

foot ulcers, status post amputation of fifth toe of left foot, and history of osteomyelitis. Tr. 34. At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 35.

The ALJ then found that, through the date last insured, Plaintiff had the residual functional capacity to perform light work with the following additional limitations:

> [S]he could lift 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk 2 hours in an 8-hour workday and she can sit 6 hours in an 8-hour workday. She can frequently climb ramps and stairs, balance, and stoop. She can occasionally kneel, crouch, and crawl. She is limited to no climbing ladders, ropes, and scaffolds. She must avoid exposure to extremes of heat, cold, and humidity. She must avoid concentrated exposure to vibrations, pulmonary irritants, and hazards. She is limited to rare use of foot controls with the left lower extremity (no more than 15 percent of the time); she can frequently use foot controls with the right lower extremity. She needs to elevate her feet during the workday, but can do so during normal breaks within acceptable off task behavior (less than 15 percent of the time).

Tr. 35-36.

At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform past relevant work. Tr. 39. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there were other jobs that exist in significant numbers in the national economy that Plaintiff could have performed such as bench hand, charge account clerk, or call out operator. Tr. 39-40. Thus, the

ORDER - 8

ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from October 22, 2014, the alleged onset date, through September 30, 2016, the date last insured. Tr. 40.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II of the Social Security Act. ECF No. 11. Plaintiff raises the following issues for review:

    1.   Whether the ALJ properly considered Plaintiff's symptom testimony; and

    2.   Whether the ALJ properly considered Plaintiff's residual functional capacity.

ECF No. 11.

## DISCUSSION

**A.   Symptom Testimony**

Plaintiff contends the ALJ improperly rejected her symptom testimony. ECF No. 11 at 23-27. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show

ORDER - 9

that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

ORDER - 10

The ALJ's decision must contain specific reasons for the weight given to the claimant's symptoms, be consistent with and supported by the evidence which are clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms. Social Security Ruling 16-3p, 2016 WL 1119029, at *9. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). While the ALJ is not required to perform a line-by-line analysis of the claimant's testimony, the ALJ is still required to do more than offer "non-specific conclusions that [claimant's] testimony was inconsistent with her medical treatment." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

Defendant asserts the ALJ found Plaintiff's symptom complaints were inconsistent with: (1) her activities; (2) her approach to treatment; and (3) the medical record and improvements through treatment. ECF No. 12 at 18 (citing Tr. 36-38). Here, although Defendant extracted findings from the ALJ's recitation of the evidence, the Court finds the ALJ stated only one reason for rejecting Plaintiff's symptoms claims, which is that they are out of proportion to the objective medical evidence. Tr. 37-38. The Court is constrained to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

ORDER - 11

The ALJ discounted Plaintiff's symptom claims because "her physical complaints are out of proportion to the objective medical evidence of record." Tr. 37. This was the only specific reason given for finding Plaintiff less impaired than alleged. Even if substantial evidence supports this finding, as noted *supra*, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Because a lack of supporting objective evidence cannot be the only reason for rejecting a claimant's symptom claims, the ALJ's reasoning is inadequate.

Furthermore, as Plaintiff points out and Defendant concedes, the ALJ stated that exam findings, "frequently indicate no swelling/edema or she denied swelling," but the exam records cited by the ALJ actually show swelling as a finding. ECF No. 11 at 18; ECF No. 12 at 11; Tr. 38, 800, 807. The ALJ also noted that Plaintiff "remained ambulatory," Tr. 38, although Plaintiff never alleged otherwise. Finally, the ALJ did not address Plaintiff's testimony that she needs to elevate her feet when seated, which means it is uncontradicted, *see infra*.

The other two reasons put forth by Defendant are based on inferences made from the ALJ's recitation of the evidence. First, the ALJ did not indicate that Plaintiff's approach to treatment was inconsistent with her claims. The most the ALJ said about Plaintiff's treatment, other than to recite portions of the record, is

ORDER - 12

that "[t]he claimant had minimal medical visits in 2016." Tr. 37. Even if this is a "reason" given by the ALJ, it does not address the majority of the relevant period from October 22, 2013, to September 30, 2016. Second, while the ALJ mentioned some of Plaintiff's activities, the ALJ did not discuss, analyze, or explain how they are inconsistent with her alleged symptoms. Tr. 37-38. Activities mentioned by Defendant, such as travel and "trying to get a wine-barrel furniture business off the ground," Tr. 37, are not explained in the record and it is not apparent that they were performed in a manner inconsistent with Plaintiff's alleged limitations.

No legally sufficient reason for discrediting Plaintiff's symptom testimony is provided by the ALJ. Thus, the ALJ failed to provide specific, clear, and convincing reasons for discrediting Plaintiff's symptom claims.

**B.     Residual Functional Capacity**

Plaintiff contends the ALJ failed to properly consider her need to elevate her legs and her bladder condition in evaluating her RFC. ECF No. 11 at 17-23. The residual functional capacity is "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In making this finding, the ALJ need only include credible limitations supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that ALJ is not required to incorporate evidence from discounted medical opinions into the RFC).

In evaluating Plaintiff's RFC, the ALJ considered the August 2020 opinion of Kristi Moffat, M.D., a treating physician who opined that since October 22, 2013,

ORDER - 13

1  Plaintiff "needed to elevate her foot/feet at hip level for an hour a day on a consistent
2  basis." Tr. 38, 1212.  The ALJ gave "great weight" to the opinion but observed that
3  "it was not specified that the claimant must elevate her feet at work" and found "this
4  could be done at other times than the workday." Tr. 38.

5  The ALJ also gave partial weight to the opinion of Norman Staley, M.D., who
6  reviewed the record in June 2017.  Tr. 113-15.  He opined that Plaintiff could stand
7  lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for two
8  hours in an eight-hour workday; sit for six hours in an eight-hour workday; limited
9  push/pull in the lower extremities; never climb ladders, ropes, or scaffolds and
10 occasionally kneel, crouch, or crawl; and must avoid concentrated exposure to
11 extreme heat or cold, humidity, vibrations, fumes, odors, gases, and hazards.  Tr.
12 114-15.  The ALJ found Dr. Staley's opinion partially consistent with the medical
13 evidence, but that the longitudinal record and Plaintiff's testimony support the
14 conclusion that Plaintiff was more limited than assessed by Dr. Staley.  Tr. 38.  The
15 ALJ accounted for Plaintiff's ongoing foot ulcers and edema by including a need to
16 elevate her feet during normal breaks of the workday.  Tr. 38.

17 At the first hearing, Plaintiff testified that she cannot wait until the end of an
18 eight-hour workday to put her feet up.  Tr. 65.  She stated she "would be miserable,"
19 "would have pain" and "would have problems." Tr. 65.  If she had a job with a
20 seated position, she testified that she could not be on her feet very long and she
21 would need to elevate both feet an hour or so every day.  Tr. 65.  Her testimony

ORDER - 14

suggests that she elevates her feet intermittently throughout the day. *See* Tr. 62 ("when I'm at home, I'm pretty much sitting with my feet up"); 63 ("after this [hearing], I'll be home with my feet up" and "I usually elevate them"); 65 (since 2013 she elevates her legs every single day; "I'll do it an hour, half an hour; maybe get up and get some lunch, you know, do some dishes, or throw some laundry in."). She also testified that she elevates her legs "when I'm sitting all the time." Tr. 84. At the second hearing, she testified that if she had a job where she was primarily seated, she "would not physically be able to keep my foot down for more than, I would say, 30 minutes at the most; then the pressure starts to go into my legs, and my feet, and the ankles, and I can't feel. I lose all the feeling. My feet go to sleep when they're down. . . . I cannot sit and have my feet or legs dangling down." Tr. 87.

      The ALJ's conclusion that Plaintiff's need to elevate her feet can be met during an eight-hour workday over regular breaks is not supported by any explanation or citation to evidence in the record. While Dr. Moffat's opinion does not specify the timing of Plaintiff's need to elevate her feet, neither does it contradict Plaintiff's testimony. Dr. Staley's opinion does not contradict Plaintiff's testimony, as the ALJ acknowledged it inadequately accounts for her need to elevate her feet. As discussed, *supra*, the ALJ's consideration of Plaintiff's testimony was inadequate. With no other relevant medical opinion in the record, it is unclear how the ALJ determined that Plaintiff's need to elevate her feet can be satisfied on work

ORDER - 15

breaks.  While the ALJ recited evidence in the record, there is virtually no analysis of the evidence such that the Court can determine what records were relied upon to make the RFC finding regarding Plaintiff's need to elevate her feet.  Thus, the Court concludes the RFC finding is not supported by substantial evidence.

**C.    Remedy**

The Court has discretion to remand a case for additional evidence or to simply to award benefits.  *Sprague*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).

Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, we remand for an award of benefits. *Revels v. Berryhill*, 874

ORDER - 16

F.3d 648, 668 (9th Cir. 2107).  Even where the three prongs have been satisfied, this Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

    The Court finds that in this case, the credit-as-true factors are satisfied and that remand for the calculation and award of benefits is warranted.  First, the record has been fully developed.  This matter was previously remanded by the Appeal Council and there is ample testimony from two hearing transcripts.  There are numerous medical records in the file and no significant ambiguity about Plaintiff's limitations.  The second prong is satisfied because, as discussed *supra*, the ALJ erred by failing to provide adequate reasons for rejecting Plaintiff's testimony that she needs to elevate her feet while seated.  There is no evidence contradicting Plaintiff's testimony that she needs to elevate her feet throughout the day.  Additionally, there was no basis in the record from which the ALJ could reasonably conclude that Plaintiff's need to elevate her feet could be satisfied during regular work breaks.  The third prong of the credit-as-true rule is satisfied because the vocational expert at each hearing was asked a hypothetical question about the impact of the need to elevate feet for one hour during the workday, and the vocational experts both testified that the limitation would be incompatible with competitive work.  Tr. 72, 95-96.

ORDER - 17

The credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090, 1100 (9th Cir. 2014) (internal citations omitted). Plaintiff's application has been pending for nearly eight years, has been reviewed by an ALJ twice and the Appeals Council once, and was previously remanded specifically for consideration of Plaintiff's need to elevate her feet. The ALJ did not provide legally sufficient reasons for rejecting Plaintiff's testimony. Further proceedings would appear to serve no useful purpose. *See Hill*, 698 F.3d at 1162 (noting a Court may exercise its discretion to remand a case for an award of benefits "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.") (internal citations and quotations omitted). In this case, the record does not raise "serious doubt" that Plaintiff's neuropathy and foot condition require her to keep her feet raised throughout the day, which precludes significant work activity.

The Court therefore reverses and remands to the ALJ for the calculation and award of benefits.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for immediate calculation and award of benefits consistent with the findings of this Court.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** September 6, 2023.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 19